|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **PRIORITY SEND**<br>JS-6 |

CIVIL MINUTES -- GENERAL

Case No.    **CV 09-3668-JFW (AGRx)**                                        Date: June 22, 2009

Title:        Hagop Halladjian -v- The Home Depot U.S.A., Inc., et al.

---

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**                **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                                                                            None

**PROCEEDINGS (IN CHAMBERS):**        ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

    On April 15, 2009, Plaintiff Hagop Halladjian ("Plaintiff") filed a Complaint against Defendants The Home Depot U.S.A., Inc. and Tricam Industries, Inc., erroneously sued as Tricam Industries Asia, Ltd. (collectively "Defendants"), in Los Angeles Superior Court.  On May 22, 2009, Defendants filed a Notice of Removal of Action ("Notice of Removal").

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

    In their Notice of Removal, Defendants claim that this Court has subject matter jurisdiction over this action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  *See* Notice of Removal at ¶ 4.  Federal jurisdiction founded on Section 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  When, as in this case, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [$75,000]."  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  "The

Initials of Deputy Clerk   sr

district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.  If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Id.* at 377 (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335-36 (5th Cir. 1995)); *see also Valdez v. Allstate Ins. Co.* 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, Allstate should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation omitted).  "Conclusory allegations as to the amount in controversy are insufficient."  *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

      Defendants argue that it is facially apparent from Plaintiff's complaint that the amount in controversy exceeds $75,000, merely reiterating the allegations of Plaintiff's complaint, in which Plaintiff claims that he sustained "severe orthopedic trauma and permanent injuries," he was "seriously injured and wounded and suffers and will continue to suffer great physical and mental pain, emotional suffering, disturbance and nervous systems, great bodily injury in that he has become permanently injured due to his knee injuries which required invasive surgical repair," that he was required and will be required to incur an unspecified amount of medical expenses, and that he was and will be required to miss an unspecified number of work days.  It is not facially apparent from these vague allegations that the amount in controversy exceeds $75,000, and Defendant has produced no other evidence to meet its burden of establishing that it is more likely than not that the amount in controversy exceeds $75,000.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the required] amount."); *Gaus*, 980 F.2d at 567 (holding that a mere conclusory allegation "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the defendant's] burden of setting forth, in the removal petition itself, the *underlying facts* supporting [its] assertion that the amount in controversy exceeds" $75,000).

      Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

      The Clerk shall serve a copy of this Minute Order on all parties to this action.